Erick Alfonso ESCOBAR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–71290.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Marc A. Karlin, Esq., Karlin & Karlin, APC, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Esq., Margaret K. Taylor, Esq., Daniel J. Davis, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Erick Alfonso Escobar, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence, *see Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003) and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that the government rebutted the presumption that Escobar had a well-founded fear of future persecution by proving that country conditions in Guatemala changed significantly since his departure. *See Gonzalez–Hernandez*, 336 F.3d at 998. The agency's analysis of how the 1996 peace accords in Guatemala affected Escobar's specific situation was sufficiently individualized. *See id.* at 998–99.

Because Escobar failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003). Substantial evidence also supports the BIA's denial of CAT relief because Escobar failed to show it is more likely than not that he would be tortured if returned to Guatemala. *See id.*

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

744

We lack jurisdiction to review Escobar's argument that he is eligible for humanitarian asylum because he did not exhaust the issue before the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 676 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.